[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14754
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01414-CAP; 1:15-bkc-53684-BEM

In re:

DEREK LEROY MCSMITH,

Debtor.

_____

DEREK LEROY MCSMITH,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,
as Servicing Agent for Bank of America, N.A.
successor by merger with BAC Home Loans Servicing, LP
formerly known as Countrywide Home Loans Servicing, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 29, 2016)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Derek Leroy McSmith pro se appeals the district judge's order affirming the bankruptcy judge's granting the emergency motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) by Bank of America, N.A. ("BOA"). We affirm.

## I. BACKGROUND

McSmith filed a pro se petition for Chapter 13 bankruptcy on February 27, 2015. On March 2, 2015, BOA filed an emergency motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a), so it could proceed with a nonjudicial foreclosure sale scheduled for the following day, March 3, 2015. The bankruptcy judge held a hearing on March 3, 2015, at which McSmith appeared. Following the hearing, the judge granted BOA's motion for the limited purpose of allowing BOA to conduct the foreclosure sale but ordered BOA not to record a deed under power until further notice.

The bankruptcy judge held a second hearing on BOA's motion on April 14, 2015. At that hearing, McSmith stated he could not make a timely plan payment, and the Chapter 13 trustee stated McSmith had failed to appear at the meeting of creditors. Following the hearing, the bankruptcy judge issued an order granting BOA's motion, validating the foreclosure sale, and permitting BOA to record its

2

deed under power.

McSmith appealed the bankruptcy judge's order in District Court for the Northern District of Georgia. He argued the bankruptcy judge had denied him due process in granting BOA's motion, because he had secured a prospective tenant whose rental payments would have covered his monthly Chapter 13 plan payments. In response, BOA asserted the bankruptcy judge properly had exercised her discretion in granting the motion, and McSmith was not denied due process, because he had received notice of the motion and the opportunity to be heard at the April 14, 2015, hearing.

In affirming the bankruptcy judge's order, the district judge noted McSmith had received notice of BOA's motion and appeared at both the March 3, 2015, and April 14, 2015, hearings, where he had the opportunity to be heard. In the intervening time between the hearings, McSmith had the opportunity to cure the arrearage on BOA's claim, but he had failed to show he was capable of or planned to comply with a payment plan. Consequently, the district judge concluded McSmith had received due process, and his challenge to the bankruptcy judge's order lacked merit.

## II. DISCUSSION

On appeal, McSmith argues he was denied due process because the bankruptcy judge did not hear from his prospective tenant before granting BOA's

3

motion and allowing BOA to record the deed under power.  In a bankruptcy appeal, we review de novo legal conclusions by either the bankruptcy judge or the district judge.  *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).  We review the bankruptcy judge's factual findings for clear error.  *Id.*

The Fifth and Fourteenth Amendment due process clauses prohibit federal and state government actors from depriving individuals of their property without due process of law.  *See* U.S. Const. amend. V, XIV.  To satisfy due process, an individual must receive notice and have an opportunity to be heard.  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

The district judge correctly concluded the bankruptcy judge did not deny McSmith due process in granting BOA's motion to proceed with a nonjudicial foreclosure sale.  McSmith had received notice of the motion and attended both the March 3, 2015, and April 14, 2015, hearings regarding that motion.  He was given the opportunity to be heard at the April 14, 2015, hearing, where he admitted he was unable to make a timely plan payment.  Therefore, McSmith's due process rights were not violated.  *Grayden*, 345 F.3d at 1232.

**AFFIRMED.**